IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RUBIN BENJAMIN SNIPES,               )
                                     )
                    Petitioner,      )
                                     )
        v.                           )        1:16CV941
                                     )        1:91CR264-1
UNITED STATES OF AMERICA,            )
                                     )
                    Respondent.      )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a Motion [Doc. #3] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He was convicted in this Court of one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of carrying and using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Petitioner received a sentence of 320 months of imprisonment for the drug conviction and a consecutive 60 months of imprisonment for the firearm conviction. He unsuccessfully pursued a direct appeal. After Petitioner filed his current Motion under § 2255, Respondent responded with a Motion to Dismiss [Doc. #7]. Thereafter, the Court entered an Order [Doc. #11] staying this matter in light of United States v. Brown, No. 17-9276 (U.S), which was then pending before the United States Supreme Court on a petition for certiorari. The Court ordered that any Supplemental Reply by Petitioner be filed within 30 days of a decision in Brown. The Supreme Court later denied certiorari in Brown v. United States, ___ U.S. ___, 139 S. Ct. 14 (2018). Because more than thirty days

have passed without any further filings by the parties concerning <u>Brown</u>, the Court will recommend that the stay be lifted and will address the parties' pending Motions.

Petitioner's pending § 2255 Motion raises a single ground for relief in which he challenges his sentence based on <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551 (2015). He contends that a career offender sentencing enhancement that was applied to him under § 4B1.1 of a mandatory version of the United States Sentencing Guidelines is no longer valid following <u>Johnson</u>.

Respondent requests dismissal on the ground that Petitioner's Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. <u>Clay v. United States</u>, 537 U.S. 522 (2003). Here, Petitioner filed a direct appeal, which the United States Court of Appeals for the Fourth Circuit denied on March 1, 1994, in <u>United States v. Snipes</u>, No. 92-5370, 1994 WL 62252 (4th Cir. Mar. 1, 1994) (unpublished). Petitioner did not seek certiorari, which means that his conviction became final when his time for seeking certiorari expired 90 days later on May 31, 1994. <u>See</u> Sup. Ct. R.

2

13(1). Because Petitioner's conviction became final before AEDPA's effective date, his time began to run on that day and expired a year later on April 24, 1997. See <u>Hernandez v. Caldwell</u>, 225 F.3d 435, 438 (4th Cir. 2000). Petitioner did not raise his current claim for relief until 2016 when he filed his current Motion. Petitioner's claim is years out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his Motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his Motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner relies on <u>Johnson</u> as the basis of his claim, but <u>Johnson</u> does not provide Petitioner with more time to file under subsection (f)(3). As the Fourth Circuit explained in <u>Brown</u> when addressing a <u>Johnson</u>-based challenge to a mandatory Guidelines enhancement:

> Although this court can render a right retroactively applicable, only the Supreme Court can *recognize* a new right under § 2255(f)(3). Consequently, to find Petitioner's motion timely, we must conclude that it relies on a right "recognized" in <u>Johnson</u> or another more recent Supreme Court case. . . .
>
> . . . .
>
> While <u>Johnson</u> did announce a retroactively applicable right, <u>Johnson</u> dealt only with the residual clause of [the Armed Career Criminal Act, 18 U.S.C. § 924(e)]—a federal enhancement statute. <u>Johnson</u> did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.

3

. . . .

> Accordingly, at least for purposes of collateral review, we must
> wait for the Supreme Court to recognize the right urged by
> Petitioner. We hold that Petitioner raises an untimely motion in
> light of § 2255(f)(3)'s plain language, the narrow nature of
> Johnson's binding holding, and Beckles's indication that the
> position advanced by Petitioner remains an open question in the
> Supreme Court.

United States v. Brown, 868 F.3d 297, 301–03 (4th Cir. 2017) (emphasis added) (internal

citations and emphasis omitted), cert. denied, 139 S. Ct. 14 (2018); see also Brown, 868 F.3d

at 299 ("[W]e are constrained . . . from extrapolating beyond the Supreme Court's holding to

apply what we view as its 'reasoning and principles' to different facts under a different statute

or sentencing regime.  We are thus compelled to affirm the dismissal of Petitioner's motion as

untimely under 28 U.S.C. § 2255(f)(3)."); Brown, 868 F.3d at 304 ("We are constrained from

reading between the lines of [Supreme Court decisions] to create a right that the Supreme

Court has yet to recognize. We are compelled to affirm [the dismissal of Petitioner's motion

under Section 2255] because only the Supreme Court can recognize the right which would

render Petitioner's motion timely under § 2255(f)(3).").  Based on the above analysis and the

holding in Brown, subsection (f)(3) does not render Petitioner's claim timely.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts

supporting the claims presented could have been discovered through the exercise of due

diligence.  Petitioner's claims in his Motion are based on facts that existed and were known to

him at the time his Judgment was entered.  Cases decided subsequent to Petitioner's direct

appeal do not constitute new facts affecting the statute of limitations under subsection (f)(4).

4

United States v. Whiteside, 775 F.3d 180, 184 (4th Cir. 2014). Therefore, this subsection also does not apply and Petitioner's Motion is untimely.

Finally, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). However, Petitioner makes no argument that equitable tolling applies in his case. His claim is untimely and should be dismissed.

IT IS THEREFORE RECOMMENDED that the prior stay be lifted, that Respondent's Motion to Dismiss [Doc. #7] be granted, that Petitioner's Motion [Doc. #3] to vacate, set aside or correct sentence be dismissed, and that judgment be entered dismissing the action.

This, the 15th day of July, 2019.


　　　　　　　　　　　　/s/ Joi Elizabeth Peake
　　　　　　　　　　United States Magistrate Judge